UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHIL WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:08 CV 603 JM |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Phil White, a *pro se* prisoner, filed this habeas corpus petition challenging his one hundred eighty (180) day loss of earned credit time and demotion in credit class by the Westville Correctional Center ("WCF") Conduct Adjustment Board ("CAB") on July 27, 2008. (Petition, Docket # 1 at 1). In WCF case 08-06-0544 the CAB found White possessed an electronic device, specifically, a cell phone. (Brief in Support of Application for Writ of Habeas Corpus, Docket # 1-2 at 4).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." *Id*. This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. The record White provided allows the Court to rule upon his petition without requiring a response from the respondent.

In his petition White presents two (2) grounds for relief, which he elaborates upon in an accompanying brief. First, White argues that he was denied due process because "substantial exculpatory evidence undermines the evidence relied upon to assign guilt."(Docket # 1-2 at 2, ) Specifically, White points to another prisoner's admission that he owned the cell phone and declaration that none of the other prisoners housed in the same room knew about it. (Attachments, Docket # 1-3 at 3, 6-8). Second, White argues the evidence against him was insufficient because the cell phone was found in a "four man room with no door"! Furthermore, he points out the cell phone was not found on his person or in his property. Rather, the officer discovered it inside a light fixture. (Docket # 1-2 at 4).

The Seventh Circuit has held that:

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted).

Here, White implicitly acknowledges the conduct report accurately states the cell phone was hidden in the light fixture of a room to which he had access. This is sufficient to find that there is some evidence of his guilt. *See Superintendent v. Hill*, 472 U.S. at 456-57 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v.*

2

*O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Contrary to White's assertion, Doss's confession that the cell phone belonged to him does not undermine the evidence relied upon to establish the petitioner's guilt. Even if the CAB believed Doss, his claimed ownership would not negate the possibility that he, along with White and the two other occupants of the room shared possession of the cell phone. That Doss knew the cell phone's security codes and was apparently linked to telephone numbers on it do not exculpate White. In *Superintendent v. Hill*, 472 U.S. at 457, the United States Supreme Court recognized "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."

**SO ORDERED.**

DATE: May 27, 2009

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT